*E-FILED - 12/9/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES WYDELL GRAHAM, | ) | No. C 09-5026 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| COUNTY OF SANTA CLARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will DISMISS the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. See West v.
4  Atkins, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claim</u>

Plaintiff alleges that on December 27, 2007, inmate Lafayette Minnieweather wanted to pick a fight with "Trustie" Sunil Prakash at the Main Jail's North Infirmary Unit, where plaintiff is housed. Plaintiff states that defendants were aware of Minnieweather's behavior. Minnieweather was warned that if his continued such behavior, he would be removed from the unit. Plaintiff claims that two days later, on December 29, 2007, plaintiff was assaulted by Minnieweather, which caused plaintiff to suffer a broken jaw and permanent nerve damage to his lower mouth and chin. Plaintiff alleges that defendants were deliberately indifferent to his safety needs.[1]

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. Hearns, 413 F.3d at 1041-42.

Here, plaintiff names three defendants: (1) Santa Clara County; (2) Edward Flores, Director of Santa Clara County Department of Corrections; and (3) Doe defendants 1-20. There are several problems with plaintiff's complaint.

First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

---

[1] Plaintiff also alleges negligence, however, neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994). Accordingly, this claim is DISMISSED.

1  plaintiff can show that the defendant proximately caused the deprivation of a federally protected
2  right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a
3  constitutional right within the meaning of section 1983 if he does an affirmative act, participates
4  in another's affirmative act or omits to perform an act which he is legally required to do, that
5  causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  To defeat
6  summary judgment, plaintiff must "set forth specific facts as to each individual defendant's"
7  actions which violated his rights.  Id. at 634.  Even at the pleading stage, "[a] plaintiff must
8  allege facts, not simply conclusions, that show that an individual was personally involved in the
9  deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
10 Here, plaintiff links none of the defendants to his allegation of a constitutional violation.
11 Plaintiff shall bear in mind that a complaint that fails to state the specific acts of the defendant
12 which violated the plaintiff's rights also fails to meet the requirements of Rule 8(a)(2) of the
13 Federal Rules of Civil Procedure.  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th
14 Cir. 1982).  Accordingly, plaintiff's complaint is DISMISSED with leave to amend.

15      Second, with respect to defendant Santa Clara County, when an individual is suing a
16 local government, such as Santa Clara County, for a violation of a constitutional right, the local
17 government is liable if the individual can establish that the it "had a deliberate policy, custom, or
18 practice that was the 'moving force' behind the constitutional violation he suffered."  Galen v.
19 County of L.A., 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't. of Soc. Servs., 436
20 U.S. 658, 694-95 (1978)).  "[A] municipality cannot be held liable under § 1983 on a respondeat
21 superior theory."  Monell, 436 U.S. at 691.  Here, plaintiff does not allege that the County has
22 any policy or practice related to his alleged constitutional violation, nor does he demonstrate any
23 causal link between the County and the violation.  Accordingly, defendant Santa Clara County is
24 DISMISSED with leave to amend if plaintiff can, in good faith, cure this deficiency.

25      Third, with respect to defendant Edward Flores, plaintiff appears to be suing him in his
26 capacity as a supervisor.  "In a § 1983 or a Bivens action – where masters do not answer for the
27 torts of their servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability,
28 each Government official, his or her title notwithstanding, is only liable for his or her own

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Graham026dwla.wpd      3

1  misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A supervisor may be liable under
2  section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2)
3  a sufficient causal connection between the supervisor's wrongful conduct and the constitutional
4  violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)
5  (citation omitted). A supervisor therefore generally "is only liable for constitutional violations
6  of his subordinates if the supervisor participated in or directed the violations, or knew of the
7  violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
8  1989). Further, to be liable for unsafe prison conditions under the Eighth Amendment, a
9  supervisor must have known that there was a substantial risk that his or her actions (e.g.
10 substandard training, supervision, policy creation) would cause inmates harm, and there must be
11 a causal connection between the supervisor's actions and the plaintiff's harm. Jeffers v. Gomez,
12 267 F.3d 895, 914-16 (9th Cir. 2001). Here, plaintiff makes no allegation linking defendant
13 Edward Flores to his stated constitutional violation. Accordingly, defendant Edward Flores is
14 DISMISSED with leave to amend if plaintiff can, in good faith, cure this deficiency.

15 Finally, plaintiff names several "unidentified" defendants in his complaint. The use of
16 "Doe" defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637,
17 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior
18 to the filing of a complaint the plaintiff should be given an opportunity through discovery to
19 identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v.
20 Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Doe defendants 1-20 are
21 DISMISSED from this action without prejudice. Should plaintiff learn the identity of any Doe
22 defendants through discovery, he may move to file an amendment to the complaint to add the
23 individuals as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98
24 (9th Cir. 2003).

25 Within **thirty (30) days** from the date of this order, **if** plaintiff can cure the deficiencies
26 specified above, plaintiff shall file an amended complaint. The amended complaint must
27 indicate which specific, named defendant(s) were involved, what each defendant did, what effect
28 this had on plaintiff and what right plaintiff alleges was violated. The amended complaint

1  supersedes the initial complaint.  The amended complaint may not incorporate by reference any
2  parts of the original complaint or filings in another action.  The amended complaint must be a
3  completely new and self-contained document.   Failure to file an amended complaint will result
4  in dismissal of plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Defendants Santa Clara County and Edward Flores are DISMISSED with leave to amend.  Doe defendants 1-20 are DISMISSED without prejudice.

3. If plaintiff can cure the pleading deficiencies described above, plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 09-5026 RMW (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order with result in dismissal of this action.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12/8/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge